1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   GXP CAPITAL, LLC,                          Case No.:  17cv2283-GPC (BLM)

12                              Plaintiff,       **ORDER GRANTING DEFENDANTS'
                                                 REQUEST FOR ENTRY OF MODEL
13   v.                                          PROTECTIVE ORDER**

14   ARGONAUT EMS; ARGONAUT
     MANUFACTURING SERVICES, INC.;
15   WAYNE WOODARD; TELEGRAPH HILL             **[ECF No. 28]**
     PARTNERS III, L.P.; and TELEGRAPH HILL
16   PARTNERS III INVESTMENT MANAGEMENT,
17   LLC,

18                              Defendants.

19

20        Currently before the Court is Defendants' June 4, 2018 motion requesting the entry of

21   the Southern District of California's Model Protective Order [ECF No. 28 ("Mot.")], Plaintiff's June

22   11, 2018 opposition to Plaintiffs' motion [ECF No. 32 ("Oppo.")], and Defendants' June 15, 2018

23   reply to Defendant's response [ECF No. 35 ("Reply")].   For the reasons set forth below,

24   Defendants' motion for entry of the Model Protective Order is **GRANTED**.

25   **I.    RELEVANT BACKGROUND**

26        In February 2018, Plaintiff served its first set of requests for production of documents on

27   Defendants.  Mot. at 2; Oppo. at 2.  In May 2018, Defendants notified Plaintiff's counsel that

28   some requested documents were confidential and would require entry of a protective order.

1

Mot. at 2; Oppo at 3. Plaintiff's counsel responded that he had "no issue" with a protective order and requested Defendants to send a draft for review. Mot. at 2; Oppo. at 3. Defendants sent a draft protective order that was "based off of the model protective order from the Southern District." Mot. at 2; Oppo. at 3. Plaintiff objected to the inclusion of an "Attorneys' Eyes Only" ("AEO") confidentiality designation. Mot. at 3; Oppo. at 3. The parties continued to meet and confer during May. Mot. at 3; Oppo. at 3. Defendants told Plaintiff that Plaintiff's Request No. 7 asked for highly confidential information and that a production of those records would necessitate an AEO designation.[1] Mot. at 3; Oppo. at 3-4. Defendants suggested a compromise to proceed without any AEO designation in the protective order if Plaintiff withdrew Request No. 7. Mot. at 3; Oppo. at 4. Plaintiff rejected the proposal because "it would deny Plaintiff access to documents that are crucial to prosecution of its case." Oppo. at 4. Defendants made their first production of documents on May 25, 2018 and omitted all confidential documents pending resolution of this dispute and entry of a protective order. Mot. at 4 n.2. On May 31, 2018 the parties participated in a telephonic discovery conference with the Court, and a briefing order was subsequently issued. Mot. at 4; Oppo. at 4; ECF. No. 27.

## II.    DISCUSSION

Defendants contend that this District's Model Protective Order, included as an appendix to the Local Rules, should govern when parties cannot agree on the terms of the protective order. Mot. at 4. Defendants also argue that Plaintiff will suffer no prejudice from the AEO designation for highly confidential information in the Model Protective Order because the protective order includes provisions permitting a challenge to any confidentiality designation. Mot. at 5. Defendants claim the documents sought in Request No. 7 are "proprietary and trade secret-protected." ECF No. 28-6, Declaration of Paul D. Grossman in Support of Defendants' Motion re: Request for Entry of Model Protective Order ("Grossman Decl."), ¶ 3. Defendants further claim that the documents "contain trade secret information, including identification of

---

[1] Request No. 7 asks Defendants for documents that include "final confidential private placement offering memorandum" and "executed partnership agreement, including any amendments" for Defendant Telegraph Hill Partners III, L.P. Oppo. at 3; Oppo., Exh. 1 at 7.

investors and sources of funds, transactional terms not standard in the industry, and details not publically available regarding historical activities and results," which "constitutes some of [Defendant] Telegraph Hill Partners' most sensitive and carefully-protected business and competitive information." Id. Defendants also contend that the entry of the Model Protective Order will save time and promote judicial economy by providing protection for disclosure of documents going forward instead of requiring parties to ask the Court for piecemeal decisions on how each highly-confidential document will be disclosed. Mot. at 6.

Plaintiff states that it is willing to stipulate to the Model Protective Order only if it excludes the provision for AEO designation. Oppo. at 2. Plaintiff argues that Defendants have failed to show good cause for including an AEO designation in a protective order. Id. at 6. Plaintiff also argues that Defendants fail to address how "the risk of disclosure to competitors" outweighs "the risk that a protective order will impair prosecution or defense of the claims." Id. (citing 6 James Wm. Moore et al., Moore's Federal Practice § 26.105[8][a], at 26-550 (3d ed. 2017)). Plaintiff further argues that Plaintiff is not a competitor to Defendants and would be severely prejudiced if its principal, Albert Hansen, is unable to view the documents because he is Plaintiff's expert "on several complex pharmaceutical and industry documents that are the subject of Plaintiff's discovery requests." Oppo. at 7; ECF No. 34, Declaration of Albert Hansen in Support of Plaintiff's Opposition ("Hansen Decl."), ¶¶ 1, 6, 9-10, 12. Plaintiff argues that an AEO designation would impose on Plaintiff a "significant litigatory burden and financial hardship" because of Plaintiff's limited resources. Oppo. at 7; ECF No. 32-2, Declaration of Marc S. Hines in Support of Plaintiff's Opposition ("Hines Decl."), ¶¶ 9-10.

In its Reply, Defendants argue that Plaintiff bears the burden of establishing good cause to deviate from this District's Model Protective Order by providing for less protection of confidential information. Reply at 4. Defendants argue that Plaintiff has not shown good cause by claiming that an AEO designation would create a "significant litigatory burden and financial hardship on Plaintiff" because (1) the partnership records at issue in Request No. 7 fall outside the scope of Mr. Hansen's asserted pharmaceutical expertise; and (2) Plaintiff is not a pro se litigant, but instead "initiated this action, hired two sets of attorneys, and will retain experienced

3

financial experts." Id. at 5. Defendants also contend that Dr. Grossman's sworn declaration that the documents called for in Request No. 7 are highly sensitive business information is sufficient to establish good cause for entry of the Model Protective Order with its AEO designation. Id. at 6.

Rule 26(c) of the Federal Rules of Civil Procedure states, inter alia, that a court may, for good cause, issue a protective order to protect a party from undue burden or expense, including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c). In determining when protective orders for trade secrets may be appropriate, the Ninth Circuit advocates a balancing test that weighs "the risk to [the provider of the information] of inadvertent disclosure of trade secrets to competitors against the risk to [the requester of the information] that protection of [the provider's] trade secrets impaired prosecution of [the requestor's] claims." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Here, the parties agree that a protective order is appropriate but disagree as to whether an AEO provision should be included in the protective order. Each side also asserts that the other side bears the burden of proving the requisite good cause for the inclusion/exclusion of the provision. The Court finds that it does not need to resolve the burden of proof issue because under either analysis, there is good cause to include the AEO provision.

As noted by another judge in this district, the court's model protective order "governs discovery unless the court enters a different protective order." SolarCity Corp. v. Doria, 2017 WL 6551239, *4 (S.D. Cal. Dec. 21, 2107). The court's model protective order includes an AEO provision which states the following: "Any party may designate as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information."

4

ECF No. 32-6 at 4; ECF No. 28-5 at 5; see also ECF No. 28-4 (Defendants' proposed protective order) at 8.  To support their request for the inclusion of this provision, Defendants provide a declaration from Paul Grossman, "a Venture Partner at Telegraph Hill Partners, and a member of the board of directors of defendant Argonaut Manufacturing Services[,]" stating that the documents requested in RFP No. 7 are "proprietary and trade secret-protected" documents including "identification of investors and sources of funds, transaction terms not standard in the industry, and details not publically available regarding historical activities and results. This constitutes some of Telegraph Hill Partners' most sensitive and carefully-protected business and competitive information." Grossman Decl. at ¶¶ 2-3. This is sufficient to establish that Plaintiff's discovery requests seek highly confidential information and that the AEO provision is a reasonable method to protect that information.  See Barnes and Noble, Inc. v. LSI Corp., 2012 WL 601806, *1 (N.D. Cal. Feb. 23, 2012) ("[T]he court treats the model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information."); S.D. Cal. Patent L.R. 2.2 (including that "[a]n approved model form of protective order is available on the Court's website").

Plaintiff argues against inclusion of the AEO provision on the grounds that Plaintiff is a small entity, with an investment capital much smaller than that of Defendants, and that the designation will prejudice Plaintiff because its principal, Albert Hanson, will be unable to review the documents.  The first argument, the parties' relative size, is not a basis for excluding the AEO provision in this case.  According to Mr. Hanson, Plaintiff is one of several investment entities run by Mr. Hansen specializing in investments in pharma-related startup companies and having revenue of approximately $50,000 annually.  Hansen Decl. at ¶¶ 1-2, 11-12. Mr. Hansen further declares that he has extensive experience in the field and numerous contacts within the industry.  Id. at ¶¶ 5-9.  As such, Plaintiff and the Defendants are in the same business field and, while not of comparative size, are competitors such that the disclosure of Defendants' proprietary and trade-secret information could prejudice Defendants.  Moreover, Mr. Hanson's declaration establishes that he is involved in competitive decisionmaking for Plaintiff and his other pharma-related investment entities. Id. at ¶¶1-12; Brown Bag Software, 960 F.2d at 1470

5

1  (a factor to be considered is whether the individual who is being excluded is involved in

2  competitive decisionmaking).  Finally, Mr. Hansen's extensive contacts with, and investments in,

3  the pharma-industry create a very real risk of inadvertent disclosure resulting in prejudice to

4  Defendants.

5          With regard to the second argument, Plaintiff asserts that Mr. Hanson has pharmaceutical

6  and industry expertise and an inability to hire experts that require he be allowed to view the

7  confidential information. This argument is premature.  Plaintiff does not yet know what

8  documents will be designated AEO. As such, Plaintiff does not know whether the documents will

9  relate to Mr. Hansen's expertise.  Plaintiff also has not established that the inability of Mr. Hansen

10  to review AEO-designated documents prevents Plaintiff from litigating its case, especially

11  because Plaintiff has experienced attorneys and possibly experts who will be able to review and

12  utilize the information.  Finally, given its investment amounts and revenue, Plaintiff has not

13  established that it is unable to hire an appropriate expert to review the AEO-protected

14  documents.

15          Accordingly, the Court finds that at this stage of the litigation, the evidence establishes

16  that Plaintiff has served discovery seeking highly confidential documents, that risk of inadvertent

17  disclosure and damage to Defendants outweighs the risk of impaired prosecution of Plaintiff's

18  claims, and that therefore the entry of a general protective order containing provisions for AEO

19  designation and protections against the abuse of the AEO designation is appropriate.  If after

20  reviewing the AEO-designated documents, Plaintiff's counsel believes that a specific document

21  or documents is/are improperly designated or that the designation and inability of Mr. Hansen

22  to review them unfairly prevents Plaintiff from litigating its case, counsel should meet and confer

23  with defense counsel regarding the issue and, if necessary, file an appropriate motion. See Acer

24  America Corp. v. Technology Properties, 2009 WL 1363551, * 4 (N.D. Cal. May 14, 2009) (noting

25  that at the time of the motion, plaintiffs had not yet designated any documents highly

26  confidential and that defendants could file a future "specific request to show a particular

27  document to an employee for a very good reason").

28

6

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion Requesting Entry of Model Protective Order and enters the Protective Order attached as Attachment A to this Order.[2]

**IT IS SO ORDERED**.

Dated:  6/19/2018

_Barbara F. Major_

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] Attachment A is substantially the same as the proposed protective order (adopted from this District's Model Protective Order) that is submitted with Defendants' moving brief as Exhibit 3 to the Declaration of Brian A. Foster.  ECF No. 28-4 at 5-14.  The Court made one modification to paragraph 12, adding instructions on filing documents under seal.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT A

17cv2283-GPC (BLM)

## **Court's Protective Order**

Pursuant to the parties' agreements and the Court's resolution of the issues upon which the parties could not agree, the Court enters the following protective order.

Plaintiff GXP CAPITAL, LLC ("Plaintiff") and Defendant ARGONAUT EMS, ARGONAUT MANUFACTURING SERVICES, INC, WAYNE WOODARD, TELEGRAPH HILL PARTNERS III, L.P., and TELEGRAPH HILL PARTNERS III INVESTMENT MANAGEMENT, LLC (collectively "Defendants") by and through their respective counsel of record, hereby STIPULATE AND AGREE, and accordingly request, that the Court enter the following order:

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

**DEFINITIONS**

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense

9

accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: DLA Piper LLP, Law Offices of Benjamin M. Carson, Hines Hampton.

**GENERAL PROVISIONS**

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL -- FOR COUNSEL ONLY."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must,

10

within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9. Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

a) Executives who are required to participate in policy decisions with reference to this action;

b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

c) Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that

12

1  information, must be retained in the custody of the counsel for the receiving party identified in

2  paragraph 3, except that independent experts authorized to view such information under the

3  terms of this Order may retain custody of copies such as are necessary for their participation in

4  this litigation.

5        12. Before any materials produced in discovery, answers to interrogatories, responses to

6  requests for admissions, deposition transcripts, or other documents which are designated as

7  confidential information are filed with the Court for any purpose, the party seeking to file such

8  material must seek permission of the Court to file the material under seal by filing a motion

9  seeking to file the document under seal.  No document may be filed under seal, i.e., closed to

10  inspection by the public except pursuant to a Court order that authorizes the sealing of the

11  particular document, or portions of it.  A sealing order may issue only upon a showing that the

12  information is privileged or protectable under the law.  The request must be narrowly tailored

13  to seek sealing only of the confidential or privileged material.  To file a document under seal,

14  the parties must comply with the procedures explained in Section II.j of the Electronic Case

15  Filing Administrative Policies and Procedures Manual for the United States District Court for the

16  Southern District of California and Civil Local Rule 79.2.  **In addition, in accordance with**

17  **Judge Major's preferences, a party must file a 'public' version of any document that**

18  **it seeks to file under seal.  In the public version, the party may redact only that**

19  **information that is deemed 'Confidential.'  The party should file the redacted**

20  **document(s) simultaneously with a joint motion or ex parte application requesting**

21  **that the confidential portions of the document(s) be filed under seal and setting**

22  **forth good cause for the request**."

23        13. At any stage of these proceedings, any party may object to a designation of the

24  materials as confidential information. The party objecting to confidentiality must notify, in

25  writing, counsel for the designating party of the objected-to materials and the grounds for the

26  objection. If the dispute is not resolved consensually between the parties within seven (7) days

27  of receipt of such a notice of objections, the objecting party may move the Court for a ruling on

28  the objection. The materials at issue must be treated as confidential information, as designated

13

by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

14

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

17cv2283-GPC (BLM)

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated: 6/19/2018

Hon. Barbara L. Major
United States Magistrate Judge

17cv2283-GPC (BLM)

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the case of *GXP Capital LLC v. Argonaut EMS*, Case No. 17cv2283. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]